UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURICE WILLIAMS,

    Plaintiff,

v.

KURTIS HAWN, et al.,

    Defendants.

_____/

Case No. 1:21-cv-446

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant Corrections Officers Kurtis Hawn, Jon Nehf, and Hector Ortiz filed a motion for summary judgment and a corrected motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending Defendants' motion be granted in part and denied in part. The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.[1] The Court denies the objections and issues this Opinion and Order.

---

[1] The Magistrate Judge recommends Defendants' motion be granted in part and denied in part, specifically: "(1) the retaliatory misconduct claims against Defendants Hawn and Ortiz be dismissed without prejudice for lack of exhaustion; (2) the denial-of-meal claims against Hawn be dismissed with prejudice; and (3) the motion be denied with regard to the retaliation claim against Defendant Nehf" (R&R, ECF No. 63 at PageID.602). Plaintiff objects only to the Magistrate Judge's first two recommendations.

***First Objection.*** Plaintiff first objects to the Magistrate Judge's conclusion that Plaintiff did not exhaust his administrative remedies as to his two retaliatory misconduct claims against Defendant Hawn and Ortiz (Pl. Obj., ECF No. 64 at PageID.604). As to the Magistrate Judge's conclusion that Plaintiff "failed to raise the issue of retaliation during the hearings on the misconduct tickets," (R&R, ECF No. 63 at PageID.595), which he was required to do to exhaust his retaliatory misconduct claims, Plaintiff argues that he was "denied the opportunity to attend his class 2 [misconduct] hearings" and that Defendants "intentionally interfered with Plaintiff's attempts to exhaust at the misconduct hearings" (Pl. Obj., ECF No. 64 at PageID.604–606). Plaintiff's conclusory assertions do not set forth any facts that demonstrate error in the Magistrate Judge's conclusion. As the Magistrate Judge properly noted, "Plaintiff does not argue that the hearing reports are inaccurate or that he actually raised the issue of retaliation at the misconduct hearing" (R&R, ECF No. 63 at PageID.594; *see* Hr'g Reports, ECF No. 55-9 at PageID.507 & ECF No. 55-12 at PageID.528).

Similarly, Plaintiff's argument that he "can exhaust through the 'ordinary prison grievance procedure'" if no hearing is afforded (Pl. Obj., ECF No. 64 at PageID.606) fails to demonstrate factual or legal error in the Magistrate Judge's conclusion as to Plaintiff's retaliatory misconduct claims. Plaintiff's conclusory statements do not create a genuine issue of fact as to how Defendants allegedly interfered or denied him the opportunity to attend the hearings. Nor does Plaintiff provide any facts or argument that he asked for a rehearing or appealed or grieved the hearing reports. *See, e.g., Parker v. Turner*, No. 20-12794, 2022 WL 722192, at *3–4 (E.D. Mich. Mar. 9, 2022) ("[P]risoners must exhaust and challenge misconduct tickets through a hearing, a rehearing or an appeal of the decision made at the hearing. … And, if inmates are unhappy with the outcome of misconduct hearings, they need to appeal that decision or ask for a rehearing

pursuant to P.D. 03.03.105 in order to satisfy the exhaustion requirement.") (citing *Siggers v. Campbell*, 652 F.3d 681, 693–94 (6th Cir. 2011)); *Ali v. Simmons*, No. 1:19-CV-126, 2020 WL 6597562, at *4 (W.D. Mich. May 5, 2020) ("Following *Siggers*, courts in both this district and the Eastern District of Michigan have concluded that, in order to properly exhaust a retaliatory misconduct ticket claim, the prisoner must raise that claim at the misconduct hearing and, if unsuccessful, in a motion or application for rehearing or in an appeal."), *report and recommendation adopted*, 2020 WL 5626921 (W.D. Mich. Sept. 21, 2020).

In sum, having reviewed the record, the Court determines that Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's exhaustion analysis or conclusion. Plaintiff's objection on this basis is properly denied.

***Second Objection.*** Next, Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff's denial-of-meal claims against Defendant Hawn be dismissed, arguing that the Magistrate Judge "erroneously concludes that depriving a prisoner of his food tray, in retaliation for filing grievances, does not amount to an adverse action" (*see* Pl. Obj., ECF No. 64 at PageID.607–608). Specifically, Plaintiff argues that "[i]f a material issue of fact existed in *Thaddeus-X* [*v. Blatter*, 175 F.3d 378, 396–98 (6th Cir. 1999)], as to whether 'cold meals' amounted to an adverse action, then certainly, 'no meals' presents the same material issue of fact, and 'MUST' be decided by a jury" (*id.* at PageID.608). However, Plaintiff's argument demonstrates a misunderstanding of the Magistrate Judge's conclusion. The Magistrate judge explained "that withholding of an isolated meal does not rise to the level of an adverse action" and determined that because Plaintiff was only "denied a total of three meals over six months," this occasional denial of meals did not amount to an adverse action and Hawn was entitled to summary judgment on Plaintiff's three retaliation claims (R&R, ECF No. 63 at PageID.596–598) (citing

3

cases).  Plaintiff's argument and *Thaddeus-X* do not warrant a result different from the Magistrate Judge's conclusion.[2]  In sum, having reviewed the record, the Court determines that Plaintiff's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion regarding his denial-of-meal claims.  Plaintiff's objection on this basis is properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 64) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 63) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the motion for summary judgment (ECF No. 54, amended by ECF No. 57) is GRANTED IN PART and DENIED IN PART.  Specifically, the motion is granted as to the retaliatory misconduct claims against Defendants Hawn and Ortiz, which are DISMISSED WITHOUT PREJUDICE for lack of exhaustion; the motion is granted as to the denial-of-meal claims against Defendant Hawn, which are DISMISSED WITH PREJUDICE; and the motion is denied as to the retaliation claim against Defendant Nehf. Defendants Hawn and Ortiz are TERMINATED as parties to this case.

Dated:  March 23, 2023                       /s/ Jane M. Beckering  
                                             JANE M. BECKERING  
                                             United States District Judge

---

[2] In *Thaddeus-X*, "the question [was] whether there [wa]s a genuine issue of material fact regarding the deterrent effect of the claimed deliberate harassment and cold meals that would *continue unless and until* [the plaintiff] dropped his lawsuit against the warden."  175 F.3d at 398–99 (emphasis added).  Plaintiff does not allege such continuous denial of meals and harassment in the instant case, and his objection at bar does not identify any factual or legal error in the Magistrate Judge's conclusion.